UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JHONNORY DE JESUS GARCIA,

    Petitioner,

v.

WARDEN ALLIGATOR
ALCATRAZ, MIAMI FIELD
OFFICE D GARRETT RIPA, TODD
LYONS, SECRETARY KRISTI
NOEM, U.S. ATTY GENERAL PAM
BONDI,

    Respondents.

Case No. 2:26-cv-462-KCD-DNF

## ORDER

Petitioner Jhonnory De Jesus Garcia is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an emergency motion for temporary restraining order (Doc. 5).[1] He asks this Court to intervene quickly. Specifically, he seeks an order preventing the Government from removing him from the United States—or even moving him to another facility—without the Court's permission while his habeas petition is pending. According to Garcia, without this pause button, the Government might whisk him away and deprive him of a chance to litigate this case. (*Id.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

at 5.)[2] He also seeks to enjoin Respondents from "denying Petitioner confidential legal calls/visits reasonably necessary to litigate this habeas petition," and order Respondents to notify the Court of his location. (*Id.*)

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

**A. Transfer**

Garcia's underlying habeas petition raises substantive arguments that are not easily dismissed. But having a good argument is not alone enough for a TRO—he must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the

---

[2] The Motion is not paginated, so the Court uses the pagination generated by its electronic filing system.

claims brought in the complaint."). The fundamental stumbling block here is the relief Garcia now requests.

First, he asks the Court to intervene and stay his removal from the United States. (Doc. 5 at 5.) But the Immigration and Nationality Act contains a jurisdiction-stripping provision that is as clear as it is potent. It states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

This provision is designed to protect the Government's discretion in three specific areas: commencing proceedings, adjudicating cases, and—crucially for Garcia—executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the statute forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021).

Staying Garcia's removal would be to forbid the executive from doing what § 1252(g) says we cannot interfere with. "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims

3

presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018). Because § 1252(g) removes this Court's power to act, Garcia's request to enjoin removal from the United States must be denied. *See, e.g.*, *Torres-Mejia v. Trump*, No. 1:25-CV-1623, 2025 WL 3684258, at *9 (W.D. Mich. Dec. 19, 2025) ("Because a general request for a stay of removal would concern a decision or action by the Attorney General to . . . execute removal orders, the Court finds that § 1252(g) precludes [its] jurisdiction over such claims.").

Garcia also makes a more modest request—enjoin the Government from transferring him to a different facility without the Court's approval. (Doc. 5 at 5.) The answer is similarly no. "[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Garcia's transfer is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). Though Garcia has been transferred since this case was filed, and his

4

family and counsel are unable to locate him, that does not frustrate the Court's ability to decide the merits of Garcia's habeas petition.

### B. Legal Calls/Visits

Garcia asks this Court to enjoin Respondents from denying him confidential legal calls and visits. (Doc. 5 at 5.) But his argument consists of just that—a single, unadorned sentence. He offers no evidence that Respondents are actually interfering with his legal communications. And without facts, a claim like this cannot get off the ground. It is, at bottom, purely speculative. A petitioner must present concrete evidence that he "would have no, or effectively no, access to counsel," not merely assert the possibility of it. *Guerra-Castro v. Parra*, No. 1:25-CV-22487, 2025 WL 1984300, at *3 (S.D. Fla. July 17, 2025). The law protects an individual's right to counsel. It does not, however, guarantee a detention facility with "preferred access" to one. *Id.* (citing *Calla-Collado v. Att'y Gen. of the United States*, 663 F.3d 680, 685 (3d Cir. 2011)). Because Garcia provides nothing more than a bare request, his argument fails.

### C. Petitioner's Location

That leaves Garcia's final request. He asks this Court to order Respondents to disclose his location, claiming that his family and counsel have lost track of him since his latest transfer because the ICE online locator provides no details. But the locator *does* provide something else: a phone

5

number specifically for family and legal representatives to call. Garcia gives no reason to think that avenue is closed to him. He submits only an unsigned declaration from his wife vaguely stating she tried to contact ICE, with no explanation of what those efforts actually entailed. And tellingly, there is no indication that Garcia's counsel even picked up the phone. A court should not deploy its equitable powers to order what a simple phone call might achieve. Until Garcia can show that his team has actually utilized the tools at their disposal—and truly hit a dead end—this request, too, must be denied.

While the Court takes Garcia's underlying liberty claims seriously, the specific stopgap measures he requests are either beyond our reach or beside the point. Accordingly, his Motion for Temporary Restraining Order (Doc. 5) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on March 11, 2026.

Kyle C. Dudek
United States District Judge